IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

PHILLIP LENARD NEAL,           )
     Petitioner,                )      Case No. 7:22-cv-00475
                                )
v.                             )
                                )      By: Michael F. Urbanski
J.C. STREEVAL,                 )      Chief United States District Judge
     Respondent.                )

## MEMORANDUM OPINION

Phillip Lenard Neal, a federal inmate proceeding pro se, commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Neal challenges the validity of a federal sentence imposed by the United States District Court for the Middle District of Florida. The respondent has moved to dismiss the petition for lack of jurisdiction. ECF No. 9. In light of the Supreme Court's recent decision in Jones v. Hendrix, 599 U.S. ___, 143 S. Ct. 1857 (2023), the court will grant the respondent's motion and dismiss the petition without prejudice.

## Background

Neal is currently serving a 195-month term of imprisonment for possession of a firearm by a convicted felon. See In re Neal, No. 22-10257-C, 2022 U.S. App. LEXIS 2952, at *2 (11th Cir. Feb. 1, 2022). He alleges that his sentence was enhanced pursuant to the Armed Career Criminal Act. Pet., ECF No. 1, at 2.

In 2015, Neal filed a motion to vacate under 28 U.S.C. § 2255 that was denied with prejudice. In re Neal, 2022 U.S. App. LEXIS 2952, at *2. In December 2021, Neal filed another motion in the Middle District of Florida that was construed as a second or successive

§ 2255 motion and dismissed without prejudice for lack of jurisdiction. Id. He subsequently filed a request for authorization to file a second or successive § 2255 motion, which was denied by the United States Court of Appeals for the Eleventh Circuit on February 1, 2022. Id. at *4.

Neal is currently incarcerated at USP Lee in Lee County, Virginia. In August 2022, he filed the pending petition under 28 U.S.C. § 2241. Relying on a 2022 decision by the Eleventh Circuit, Neal argues that he no longer qualifies as an armed career criminal. He seeks to be resentenced to a term of imprisonment of no more than ten years. See ECF No. 1 at 7–8.

The court previously stayed the case pending the Supreme Court's decision in Jones. After the Supreme Court issued its decision, the court lifted the stay, and the respondent moved to dismiss the petition. Neal has not responded to the motion to dismiss, and the time for doing so has expired.

### Discussion

"As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255." Fontanez v. O'Brien, 807 F.3d 84, 86 (4th Cir. 2015). A prisoner's ability to utilize § 2255 is limited, however, when the prisoner seeks to file a "second or successive" motion. Pursuant to § 2255(h), such motions are barred unless that are certified by a panel of the appropriate court of appeals to contain either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). "A federal prisoner may not, therefore, file

a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." Jones, 143 S. Ct. at 1863.

Section 2255 also includes a "savings clause" that preserves the availability of a habeas remedy "in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention.'" 28 U.S.C. § 2255(e). In Jones, the Supreme Court was presented with the question of whether the limitation on second or successive § 2255 motions makes § 2255 "inadequate or ineffective" such that a federal prisoner may proceed with a statutory claim under § 2241. 143 S. Ct. at 1863. The Court answered this question in the negative, holding that "the savings clause does not authorize . . . an end-run around" the "two—and only two—conditions in which a second or successive § 2255 may proceed" as described in § 2255(h). Id. at 1868. Instead, the savings clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Id.; see also id. at 1866 (providing examples of such "unusual circumstances" including "the sentencing court's dissolution"). Thus, "[t]he inability of a prisoner with a statutory claim to satisfy [the] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the savings clause. It means that he cannot bring it at all." Id. at 1869.

Because Neal seeks to challenges the validity of his sentence, the proper vehicle for his claim is a § 2255 motion, which he has previously pursued. The mere fact that his claim does not satisfy either of the requirements for filing a second or successive § 2255 motion does not "make[] § 2255 'inadequate or ineffective' such that [he] may proceed . . . under § 2241." Id.

at 1863. Additionally, Neal has not identified any "unusual circumstances" that would make it "impossible or impractical for [him] to seek relief from the sentencing court." Id. at 1868. Consequently, his petition does not satisfy the savings clause of § 2255, and he cannot proceed with his claim under § 2241.

### Conclusion

For the reasons stated herein, the court **GRANTS** the respondent's motion to dismiss, ECF No. 9, and **DISMISSES** Neal's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: September 7, 2023

Digitally signed by Michael F.
Urbanski    Chief U.S. District
Judge
Date: 2023.09.07 10:45:21 -04'00'

Michael F. Urbanski
Chief United States District Judge